IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

      Plaintiff,                              No. CIV S-10-2494 EFB PS

      vs.

U.S. DEPARTMENT OF JUSTICE, et al.,

      Defendants.                      ORDER

      Marlin Penn, an inmate confined at High Desert State Prison, filed this pro se action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. Nos. 4, 8. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Miscellaneous Motions

Plaintiff has filed a motion to order prison officials to forward his in forma pauperis application to the court (Docket No. 6) and a motion to consolidate this case with Case No. Civ. S-10-2654 JFM P (Docket No. 7). Both motions are moot. The court has received the in forma pauperis application and has dismissed Case No. Civ. S-10-2654 JFM P after plaintiff informed the court that it was simply a duplicate of the instant case, filed due to a mailing snafu.

## III. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them, if possible. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

The court has reviewed plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A.[1] Dckt. No. 9. The complaint challenges the alleged refusal of the defendant federal agencies and employees to turn over information requested by plaintiff under the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter "FOIA"). For the limited purposes of § 1915A screening, the court finds that the complaint states a cognizable FOIA claim against defendants pursuant to 5 U.S.C. § 552.

---

[1] Federal Rule of Civil Procedure 15(a)(1) authorized plaintiff to amend his pleading once as a matter of course since the original complaint had not yet been served. Fed. R. Civ. P. 15(a)(1)(A) (providing that a party may amend his pleading once as a matter of course "within 21 days after serving it"). However, because plaintiff has now amended his pleading once, any further amendments to his complaint will require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

However, plaintiff also makes numerous allegations against the state of California and various individuals involved in his prosecution who he has not named as defendants. Plaintiff claims that "he was convicted with the knowing use of falsified evidence by Los Angeles County District Attorney Ken Lamb, Torrance Police Sergeant Gil Kranke and Public Defender Arnold Lester." Dckt. No. 9 (Am. Compl.) at 3. Plaintiff further claims that "the State of California" has taken various actions "to avoid disclosure of the information" plaintiff seeks, because that information "conflicts with the information, evidence and testimony used in his criminal conviction." *Id.* at 3-4. Plaintiff seeks "a declaration that the acts and omissions described [in the complaint] violated plaintiff's rights under the constitution and laws of the United States." *Id.* at 5.

It thus appears that plaintiff may wish to challenge the fairness of his trial and the validity of his conviction in addition to the defendants' alleged refusal to turn over information requested under FOIA. If that is the case, plaintiff must raise his challenges to his trial and conviction by way of writ of habeas corpus under 28 U.S.C. § 2254 rather than through a civil rights action under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500 (1973). Accordingly, to the extent plaintiff's complaint claims that his conviction was unlawful, such a claim is dismissed without leave to amend, but without prejudice to being raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Docket Nos. 4, 8) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3

     3. Plaintiff's motion to order prison officials to forward his in forma pauperis application (Docket No. 6) is denied as moot.

     4. Plaintiff's motion to consolidate this case with Case No. Civ. S-10-2654 JFM P (Docket No. 7) is denied as moot.

     5. The allegations in the pleading are sufficient to state a cognizable FOIA claim against the defendants. *See* 28 U.S.C. § 1915A. Therefore, the Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

     6. To the extent plaintiff's complaint raises a claim that his trial and/or conviction were unlawful, such a claim is dismissed without leave to amend but without prejudice to being raised in a habeas petition under 28 U.S.C. § 2254.

     7. The Clerk of Court shall send plaintiff six USM-285 forms, one summons, a copy of the amended complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

     8. Plaintiff is advised that the U.S. Marshal will require:

          a. One completed summons;

          b. One completed USM-285 form for each defendant;

          c. A copy of the amended complaint, Dckt. No. 9, for each defendant, with an extra copy for the U.S. Marshal; and,

          d. A copy of this court's scheduling order and related documents for each defendant.

     9. Plaintiff shall supply the United States Marshal, within 21 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

     10. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff,

1  without prepayment of costs.  The United States Marshal shall, within 14 days thereafter, file a
2  statement with the court that said documents have been served.  If the U.S. Marshal is unable, for
3  any reason, to effect service of process on any defendant, the Marshal shall promptly report that
4  fact, and the reasons for it, to the undersigned.

5       11.  The Clerk of Court shall serve a copy of this order on the United States Marshal, 501
6  "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

7  Dated:  March 14, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE