IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

    Plaintiff,                      No. CIV S-10-2494 FCD EFB PS

    vs.

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendants.              ORDER
_____/

    Plaintiff, an inmate confined at High Desert State Prison, proceeds in this action pro se and in forma pauperis. On March 15, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis and, based on plaintiff's first amended complaint, ordered that service of process be made by the U.S. Marshal.[1] Dckt. No. 10.

////

---

[1] The court found that, for purposes of screening pursuant to 28 U.S.C. § 1915A, plaintiff's first amended complaint, which challenges the alleged refusal of the defendant federal agencies and employees to turn over information requested by plaintiff, stated a cognizable Freedom of Information Act claim against defendants Richard Huff, Priscilla Jones, Jessie Price, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the U.S. Department of Justice pursuant to 5 U.S.C. § 552. Dckt. No. 10 at 4. The order also stated, however, that "[t]o the extent plaintiff's complaint raises a claim that his trial and/or conviction were unlawful, such a claim is dismissed without leave to amend but without prejudice to being raised in a habeas petition under 28 U.S.C. § 2254." *Id.*

1

Plaintiff now requests leave to file a second amended complaint to add the following defendants: Los Angeles County District Attorney Ken Lamb, the Los Angeles County District Attorney's Office, City of Torrance Police Sergeant Gil Kranke, the City of Torrance Police Department, Los Angeles County Public Defender Arnold Lester, and the Los Angeles County Public Defender's Office. Dckt. No. 18.[2]

Effective December 1, 2009, Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[3] Because plaintiff has already amended his pleading once, any further amendments to his complaint require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing

---

[2] Plaintiff filed a duplicative motion to amend on April 15, 2011. Dckt. No. 20. That motion is denied as unnecessary. Plaintiff has also filed two notices regarding his inability to make photocopies of the complaint, which appear to be moot since copies of the complaint were made on plaintiff's behalf, and a letter to the court regarding the status of his case, which is moot in light of this order. Dckt. Nos. 14, 17, 22.

[3] The former version of Rule 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

      Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in requesting leave to amend or that the request is made in bad faith. Further, because none of the defendants have yet appeared in this action, they would not be prejudiced by the amendment. However, the court is concerned about the potential futility of plaintiff's amendment. Plaintiff contends that the Los Angeles County Public Defender's Office "has conducted several investigations in regards to specific known falsified evidence use[d] in plaintiff's criminal trial and conviction," and "is currently in possession of information considered 'confidential and privileged,' which could easily resolve the claim without any further proceedings, but all agencies within the State of California refuse to do so, as [a] punitive measure for plaintiff's filing [of] this lawsuit." Dckt. No. 18 at 2. Plaintiff further contends that each named agency/defendant "has known of this 'misconduct' for several years, yet refuse to turn over any evidence/information, which prohibits plaintiff from filing any challenges to his wrongful conviction and sentence." *Id.* Additionally, in plaintiff's first amended complaint, he states that "he was convicted with the knowing use of falsified evidence by Los Angeles County District Attorney Ken Lamb, Torrance Police Sergeant Gil Kranke and Public Defender Arnold Lester." Dckt. No. 9 (Am. Compl.) at 3.

      It is unclear whether plaintiff seeks to add these new defendants to challenge the fairness of his trial and the validity of his conviction or whether he is challenging the proposed new defendants' alleged refusal to turn over requested information. However, as provided in the March 15, 2011 order, "plaintiff must raise his challenges to his trial and conviction by way of writ of habeas corpus under 28 U.S.C. § 2254." Dckt. No. 10 at 3. Moreover, this court found,

in its screening order, that plaintiff's first amended complaint stated a FOIA claim. However, FOIA applies to only to "agencies," which are defined as "each authority of the Government of the United States." 5 U.S.C. § 552(1). FOIA does not apply to state governments. *St. Michael's Convalescent v. State of Cal.*, 643 F.2d 1369, 1373 (9th Cir.1981); *Kerr v. United States Dist. Ct. for North. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975). Therefore, even if plaintiff is only seeking to challenge the proposed new defendants' alleged refusal to turn over requested information, because the proposed new defendants are not "agencies" within the meaning of FOIA, it appears amendment to state a FOIA claim against those defendants would be futile.[4] *See Moyston v. O'Mara,* 2009 WL 2854429, at *13 (D.N.H. Aug. 31, 2009) (inmate failed to state a claim under § 1983 by alleging county corrections facility failed to provide documents requested under FOIA because FOIA only imposes disclosure requirements on federal agencies); *Neff v. Walker,* 2009 WL 498071 (D.D.C. Feb. 26, 2009) (inmate failed to state a claim under § 1983 by alleging state agency failed to respond to FOIA request). Therefore, plaintiff's motion for leave to amend will be denied without prejudice.[5]

Plaintiff also seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Dckt. No. 16. However, pursuant to 28 U.S.C. § 1915(d), the court may only designate counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir.

---

[4] Nor has plaintiff shown that he made any proper FOIA requests or California Public Records Act requests to the proposed new defendants. FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A). "[F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp.2d 111, 112 (D.D.C. 2001). Prior to seeking judicial review, a records requester must exhaust his or her administrative remedies, including filing a proper FOIA request. *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). If the records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction. *Heyman v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986), cert. denied, 481 U.S. 1019 (1987).

[5] If plaintiff files a further motion to amend, he shall also file a proposed second amended complaint containing specific allegations against any proposed additional defendants.

1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time. Therefore, plaintiff's request for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, Dckt. No. 16, is denied without prejudice;

2. Plaintiff's motion to amend, Dckt. No. 18, is denied without prejudice; and

3. Plaintiff's motion to amend, Dckt. No. 20, is denied as unnecessary.

DATED: April 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5