1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MARLIN PENN,

11          Plaintiff,                    No. CIV S-10-2494 EFB P

12      vs.

13  U.S. DEPARTMENT OF JUSTICE,
    et al.,
14
           Defendants.                    <u>ORDER</u>
15  _____/

16      Plaintiff, an inmate confined at High Desert State Prison, proceeds in this action pro se

17  and in forma pauperis.  Currently pending before the undersigned are (1) plaintiff's motion for

18  leave to file an amended complaint, Dckt. No. 32; (2) defendant's motion for dismissal and

19  summary judgment, Dckt. No. 35; and (3) plaintiff's motion to appoint counsel, Dckt. No. 36.

20  I.      <u>Motion to Amend</u>

21      On April 28, 2011 and May 13, 2011, the undersigned issued orders denying plaintiff's

22  request for leave to file a second amended complaint without prejudice because it was unclear

23  whether plaintiff was seeking to add certain new defendants to challenge the fairness of his trial

24  and the validity of his conviction, which would be impermissible in this action, or whether he

25  was challenging the proposed new defendants' alleged refusal to turn over requested information

26  pursuant to the Freedom of Information Act ("FOIA").  Dckt. Nos. 24, 30.  The court also

1

1   explained that since FOIA applies to only to "agencies," and does not apply to state

2   governments, it appeared that plaintiff's desired amendment against those defendants would be

3   futile.  Dckt. No. 24 at 4.

4          Plaintiff has now filed a further request to amend and a proposed second amended

5   complaint.  Dckt. Nos. 32, 33.  Plaintiff seeks to add as defendants Los Angeles County Public

6   Defender Arnold Lester, Harvey Sherman, and/or their agency.  *Id.*  Plaintiff alleges that Lester

7   allowed the district attorney's office to admit at plaintiff's criminal trial the firearm that is the

8   subject of plaintiff's FOIA requests at issue in this case, and that the public defender's office

9   avoided disclosure of relevant information concerning the firearm, "which would reflect their

10  involvement in falsified evidence and wrongful conviction."  Dckt. No. 33 at 2.  However, as

11  previously explained to plaintiff, if plaintiff wishes to challenge the fairness of his trial and the

12  validity of his conviction, plaintiff must raise his challenges to his trial and conviction by

13  way of writ of habeas corpus under 28 U.S.C. § 2254 rather than through a civil rights action

14  under 42 U.S.C. § 1983.  Dckt. No. 10 (citing *Muhammad v. Close*, 540 U.S. 749, 751 (2004);

15  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500

16  (1973)).

17         Plaintiff's proposed second amended complaint also alleges that "As of date, the public

18  defender's office refuse[s] to turn over [plaintiff's] case files, which contain privileged and

19  confidential information to resolve this matter."  Dckt. No. 33 at 3.  However, as explained in the

20  April 28, 2011 order, because FOIA applies to only to "agencies," and does not apply to state

21  governments, plaintiff's desired amendment against those defendants would be futile.  Dckt. No.

22  24 at 4.  Additionally, as previously noted, plaintiff has also not "shown that he made any proper

23  FOIA requests or California Public Records Act requests to the proposed new defendants."

24  Dckt. No. 24 at 4, n.1.  Therefore, plaintiff's request for leave to file his proposed second

25  amended complaint is denied.

26  ////

II.   <u>Motion for Dismissal and Summary Judgment</u>

On June 20, 2011, defendant, the United States Department of Justice, filed a motion (1) to dismiss all defendants except itself and to dismiss plaintiff's unexhausted FOIA claim (#4) or claims (add #5, not mentioned in the complaint) for lack of subject matter jurisdiction and (2) for summary judgment that plaintiff's first claim seeks records that do not exist, and that plaintiff's remaining claims are barred by FOIA Exemption 3, 5 U.S.C. § 552(b)(3).  Dckt. No. 35.

Local Rule 230(l) provides that "[a]ll motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding *in propria persona*, shall be submitted upon the record without oral argument unless otherwise ordered by the Court" and that "[s]uch motions need not be noticed on the motion calendar."  E.D. Cal. L.R. 230(l).  The Local Rule further provides that "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion," that "[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question," and that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."  *Id.*  Further, the Local Rule provides that "[t]he moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition.  All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first."  *Id.*

Notwithstanding the deadlines set in Local Rule 230(l), plaintiff will have until July 27, 2011 to file an opposition or a statement of non-opposition to defendant's motion for dismissal and summary judgment, and to file a response to defendant's statement of undisputed facts.  Defendant will have until August 10, 2011 to file a reply thereto.

The court also informs plaintiff of the following with respect to opposing a motion for summary judgment under Federal Rule of Civil Procedure 56:  Such a motion is a request that

the court grant judgment in defendants' favor without trial.  A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff must show proof of his claims.  To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies.  Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated.  Plaintiff may rely on written records, but he must prove they are what he asserts them to be.  Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the court grants defendant's motion, whether opposed or unopposed, judgment will be entered for defendant without a trial and the case will be closed.

Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."  Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material

1   facts as to which there is a genuine issue precluding summary judgment or adjudication," and

2   that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in

3   the opposing papers."

4   III.   <u>Motion to Appoint Counsel</u>

5          The April 28, 2011 and May 5, 2011 orders also denied without prejudice plaintiff's

6   request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because the court could

7   not "conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of

8   plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the

9   appointment of counsel at this time."  Dckt. No. 24 at 5; Dckt. No. 30.

10         Then, on June 20, 2011, plaintiff filed another motion for appointment of counsel.  Dckt.

11  No. 36.  Plaintiff contends that he cannot afford counsel and that his imprisonment "will greatly

12  limit his ability to litigate this case."  Dckt. No. 36 at 1.  Specifically, plaintiff contends that the

13  requested FOIA documents "are confidential and privileged and cannot be obtained and/or

14  turned over to the plaintiff"; that "the State of California does not want the requested information

15  disclosed, so the state prison staff has been screening all [plaintiff's] legal mail and preventing

16  specific legal mail addressing this disclosure"; and that "counsel is needed to prevent the

17  continual disruption and the denied FOIA request, which will confirm that this conviction was

18  obtained with the known use of falsified evidence."  *Id.* at 1-2.  Plaintiff contends that "the

19  requested FOIA database records will not be obtained without the assistance of counsel and

20  plaintiff is not knowledgeable or qualified to obtain privileged information."  *Id.* at 2.

21         However, as previously explained to plaintiff, 28 U.S.C. § 1915(e)(1) only authorizes the

22  appointment of counsel to represent an indigent civil litigant in certain exceptional

23  circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

24  *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th

25  Cir. 1988).  In considering whether exceptional circumstances exist, the court must evaluate (1)

26  the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate

5

his claims pro se in light of the complexity of the legal issues involved.  *Terrell*, 935 F.2d at 1017.  Once again, the court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time.  Therefore, plaintiff's motion for appointment of counsel, Dckt. No. 36, is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to amend, Dckt. No. 32, is denied without prejudice.

2.  Plaintiff's motion for the appointment of counsel, Dckt. No. 36, is denied without prejudice.

3.  On or before July 27, 2011, plaintiff shall file an opposition or a statement of non-opposition to defendant's motion for dismissal and summary judgment, and shall file a response to defendant's statement of undisputed facts.

4.  Failure of plaintiff to comply with this order will be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

5.  Defendant may file a reply to plaintiff's opposition, if any, on or before August 10, 2011.

SO ORDERED.

DATED:  July 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6