IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

        Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE, et al.,

        Defendants.
                                /

No. CIV S-10-2494 GEB EFB PS

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

This action, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The United States Department of Justice ("DOJ") moves (1) to dismiss the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and its named employees, as improper defendants pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1); (2) to dismiss plaintiff's unexhausted claims pursuant to Rule 12(b)(1); and (3) for summary judgment pursuant to Rule 56. Def.'s Mot. for Summ. J. ("MSJ"), Dckt. No. 35-3. Plaintiff opposes the motion and also moves for the appointment of counsel. Pl.'s Opp'n to MSJ ("Opp'n"), Dckt. No. 38; *see also* Dckt. Nos. 40, 49, 52, 54, 55. For the reasons stated below, the DOJ's motions to dismiss and for summary judgment must be granted and plaintiff's motions to appoint counsel must be denied.

I.      Background

In September 2010, plaintiff filed a complaint against the DOJ, ATF, and ATF employees Richard Huff and Priscilla Jones, challenging the refusal of the defendant federal agencies and employees to turn over information requested by plaintiff under the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter "FOIA").  Compl., Dckt. No. 1.  Then, in December 2010, plaintiff filed an amended complaint under FOIA, naming the same defendants as in his original complaint, and also naming ATF employee Jessie Price as a defendant.  Am. Compl., Dckt. No. 9.  Plaintiff made numerous FOIA requests concerning a Raven .25 Firearm that plaintiff contends was used to wrongfully convict him.  *Id.*; *see also* Decl. of Averill P. Graham, Dckt. No. 35-1, Exs. A, H, O, V and X.

Plaintiff argues that the firearm trace information he seeks from ATF "conflicts with the information, evidence, and testimony used in his criminal conviction," and that the requested information would exonerate him.  Am. Compl. at 4.  He contends that the firearm at issue has been destroyed by the Los Angeles Police Department, that the only source for the information requested is ATF, and that the State of California refuses to obtain the information from ATF.  Am. Compl. at 3-4, Ex. 1.[1]  Therefore, he submitted numerous FOIA requests to ATF seeking to

---

[1] Plaintiff previously filed a motion for leave to file a second amended complaint, seeking to add the following defendants:  Los Angeles County District Attorney Ken Lamb, the Los Angeles County District Attorney's Office, City of Torrance Police Sergeant Gil Kranke, the City of Torrance Police Department, Los Angeles County Public Defender Arnold Lester, and the Los Angeles County Public Defender's Office.  Dckt. No. 18; *see also* Dckt. No. 20.  Plaintiff argued that the Los Angeles County Public Defender's Office "has conducted several investigations in regards to specific known falsified evidence use[d] in plaintiff's criminal trial and conviction," and "is currently in possession of information considered 'confidential and privileged,' which could easily resolve the claim without any further proceedings, but all agencies within the State of California refuse to do so, as [a] punitive measure for plaintiff's filing [of] this lawsuit."  Dckt. No. 18 at 2.  Plaintiff further argued that each named agency/defendant "has known of this 'misconduct' for several years, yet refuse to turn over any evidence/information, which prohibits plaintiff from filing any challenges to his wrongful conviction and sentence."  *Id.*  Additionally, in plaintiff's first amended complaint, he states that "he was convicted with the knowing use of falsified evidence by Los Angeles County District Attorney Ken Lamb, Torrance Police Sergeant Gil Kranke and Public Defender Arnold Lester."  Am. Compl. at. 3.
(cont.)

obtain the information.

A.  Plaintiff's First FOIA Request

On October 20, 2004, plaintiff sent ATF a FOIA request seeking "the date and by whom this Phoenix Arms – Raven .25 caliber (Ser. # 3022646) was unregistered." Def.'s Stmt. of Undisp. Facts ("SUF"), Dckt. No. 35-2, ¶ 1.[2] ATF responded with a letter informing plaintiff that there is no federal registration of firearms and, therefore, ATF does not maintain records relating to his request. SUF ¶ 3. In fact, there is no federal registration of firearms, and therefore ATF does not maintain records responsive to plaintiff's first request. SUF ¶ 4. On December 1, 2004, plaintiff filed an administrative appeal of the denial of his FOIA request with the Office of Information and Privacy ("OIP"). SUF ¶ 5. On January 18, 2005, and again on May 9, 2005, OIP affirmed ATF's denial of plaintiff's first FOIA request. SUF ¶¶ 6, 7.

B.  Plaintiff's Second FOIA Request

On March 4, 2005, plaintiff amended his first FOIA request, which ATF treated as a second FOIA request. SUF ¶ 8. Plaintiff's letter requested information regarding "when Torrance Police notified the DOJ in regards to the recovery of a .25 caliber, Phoenix Arms-

---

However, the undersigned concluded that such amendment would be futile. Dckt. No. 24 at 2-4. The order noted that it was unclear whether plaintiff sought to add the new defendants to challenge the fairness of his trial and the validity of his conviction or whether he was challenging the proposed new defendants' alleged refusal to turn over requested information. The order then stated that, as provided in the court's March 15, 2011 order, "plaintiff must raise his challenges to his trial and conviction by way of writ of habeas corpus under 28 U.S.C. § 2254," Dckt. No. 10 at 3, and noted that although plaintiff's first amended complaint states a FOIA claim, FOIA does not apply to state governments. Dckt. No. 24 at 4. The court also stated: "Therefore, even if plaintiff is only seeking to challenge the proposed new defendants' alleged refusal to turn over requested information, because the proposed new defendants are not 'agencies' within the meaning of FOIA, it appears amendment to state a FOIA claim against those defendants would be futile." *Id.* The order added: "Nor has plaintiff shown that he made any proper FOIA requests or California Public Records Act requests to the proposed new defendants." *Id.* at 4, n.4.

[2] Significant portions of this statement of facts are taken directly from defendant's statement of undisputed facts, which plaintiff has not disputed. All citations to the statement of undisputed facts herein incorporate by reference the citations stated therein in support of each undisputed fact.

3

Raven, Serial No. 3022646." Graham Decl., Ex. H.  By letter dated March 24, 2005, ATF denied the second request, withholding all responsive records in full under FOIA Exemption (b)(3) ("Exemption 3").  SUF ¶ 9.  Plaintiff filed an administrative appeal on April 21, 2005, and on July 12, 2005, OIP affirmed ATF's denial.  SUF ¶¶ 10-11.

### C. Plaintiff's Third FOIA Request

On April 24, 2008, ATF received a third FOIA request dated April 15, 2008, from plaintiff through his Deputy Public Defender, Mr. Anthony Patti, in which he again requested "any and all records concerning the Firearm History for PHOENIX ARMS CO., 25 Cal., pistol, Raven, Ser. # 10205 or 3022646."  SUF ¶ 12.  The letter provided, among other things, that "[d]isclosure of the requested information to me, on behalf of my client, is in the public interest because police misconduct may have occurred and if it did, an innocent man may have been convicted of a crime."  Graham Decl., Ex. O.

On April 29, 2008, ATF denied the request, explained that the documents were being withheld in full under FOIA Exemption 3, and provided plaintiff with instructions on how to file an administrative appeal.  SUF ¶ 13.  Mr. Patti filed an administrative appeal on June 6, 2008, and on August 26, 2008, OIP affirmed ATF's denial of plaintiff's third FOIA request.  SUF ¶ 14.  After a reconsideration request from Mr. Patti, OIP reaffirmed its decision on October 22, 2008.  SUF ¶ 15.

### D. Plaintiff's Fourth FOIA Request

On October 29, 2008, plaintiff, again through his attorney, Mr. Patti, requested "any and all records concerning the Firearm History for PHOENIX ARMS CO., 25 Cal., Pistol, Raven, Ser. # 10205 or 3022646."  SUF ¶ 16.  The request letter acknowledged that the request was duplicative.  *Id.*  On November 10, 2008, ATF rejected the request as duplicative, and enclosed and referred to two letters regarding plaintiff's third FOIA request, including a letter explaining plaintiff's administrative appeal rights.  SUF ¶¶ 17-18.  Plaintiff does not dispute that he did not file an administrative appeal of his fourth FOIA request.  SUF ¶ 19; *see generally* Opp'n.

4

### E. Plaintiff's Fifth FOIA Request

On February 27, 2011, plaintiff, through Mr. Patti, filed another FOIA request for the same information. SUF ¶ 20. On March 28, 2011, ATF denied the request on the basis of Exemption 3 and advised plaintiff of his right to seek administrative appeal. SUF ¶ 21. Plaintiff concedes that he did not file an administrative appeal of his fifth FOIA request. SUF ¶ 22; Opp'n at 1-2.

## II. Motion to Dismiss

The DOJ moves under Rule 12(b)(1) to dismiss ATF and its named employees as improper defendants, and to dismiss plaintiff's unexhausted claims. MSJ at 3-5. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994) (internal citations omitted). Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

////

A. <u>Motion to Dismiss Improper Defendants</u>

The DOJ moves to dismiss ATF, and two of its employees, Richard Huff and Priscilla Jones, as improper defendants. MSJ at 3-5. The DOJ also contends that because Jessie Price was never named in the caption of an original or amended complaint, she is not a defendant to this action. *Id.* at 1, n.1. However, the DOJ argues that "[t]o the extent she might be a defendant, like Mr. Huff and Ms. Jones she is not a proper defendant and must be dismissed." *Id.* The DOJ argues that none of those defendants are "agencies" that can be sued under FOIA.

FOIA provides a limited waiver of the federal government's sovereign immunity for district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B). An "agency" is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f). Here, neither ATF, which is a departmental component of the DOJ, nor any of its employees, who are sued in their official capacities, is an "agency" that can be sued under FOIA. Rather, the DOJ, which is a cabinet-level Department within the Executive Branch and which is the entity that promulgated and enforces the regulations and procedures that govern ATF's FOIA decisions, is the pertinent agency within the meaning of 5 U.S.C. § 552(f). *See* 28 C.F.R. §§ 16.2(b)(11), 16.9(a); *see also Hersh & Hersh v. U.S. Dep't of Health & Human Servs.*, 2007 WL 2155695, at *1 (N.D. Cal. July 26, 2007) (dismissing HHS components, leaving HHS as sole defendant); *Sonds v. Huff*, 391 F. Supp.2d 152, 155 (D.D.C. 2005) (substituting Department of Justice as sole defendant in place of Drug Enforcement Administration). Therefore, the DOJ is the only proper defendant in this action and defendants ATF, Huff, Jones, and Price must be dismissed.

////

////

B.     Motion to Dismiss Unexhausted FOIA Claims

The DOJ also moves to dismiss plaintiff's unexhausted FOIA claims. MSJ at 5. Specifically, the DOJ contends that plaintiff fails to show he exhausted the FOIA remedy of an administrative appeal in his fourth and fifth FOIA requests, and that because he attempts suit on the fourth request, that claim must be dismissed for lack of subject-matter jurisdiction. *Id.* Plaintiff does not provide any response with regard to his fourth FOIA claim, but contends that he attempted to file an administrative appeal of his fifth FOIA claim but that the mailroom staff at the prison where he was incarcerated at the time refused to mail his appeal. Opp'n at 1-2.

"FOIA requires that administrative appeals be exhausted before suit may be brought in federal court." *Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987) (citations omitted); *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp.2d 111, 112 (D.D.C. 2001) ("[F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA."). If the records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction. *United States v. Steele*, 799 F.2d 461, 466 (9th Cir. 1986) ("Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine.").

Here, because plaintiff concedes that he did not fully exhaust his fourth FOIA claim, that claim must be dismissed for lack of subject matter jurisdiction. Although plaintiff appears to be requesting that the court excuse his non-exhaustion, equitable exceptions and excuses are inapplicable to an absence of subject-matter jurisdiction. *See, e.g., Marley v. United States*, 567 F.3d 1030, 1032 (9th Cir. 2008). Also, to the extent his amended complaint purports to state a claim based on his fifth FOIA request, because plaintiff concedes he also failed to file an administrative appeal of the denial of that request, his fifth FOIA claim must also be dismissed for lack of subject matter jurisdiction.

////

III. <u>Motion for Summary Judgment</u>

The DOJ also moves for summary judgment, arguing that it is entitled to summary judgment on plaintiff's first FOIA claim for registration records since ATF registration records do not exist, and that it is entitled to summary judgment on plaintiff's second and third FOIA claims because the withholding of documents responsive to those requests was proper under FOIA Exemption 3. MSJ at 8-11.

In a FOIA case, "federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal quotation marks omitted). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Id.* "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" *Id.* at 142 n.3. Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Lawyers Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of Treasury*, 534 F. Supp.2d 1126, 1131 (N.D. Cal. 2008) ("As a general rule, all FOIA determinations should be resolved on summary judgment.").

A. <u>Plaintiff's First FOIA Request</u>

The DOJ moves for summary judgment on plaintiff's first FOIA claim, arguing that although the FOIA request sought information regarding the date and by whom the firearm at issue was unregistered, ATF registration records do not exist. MSJ at 8. Since it is undisputed that there is no federal registration of firearms, and therefore no records of federal firearms registration exist, the DOJ is entitled to summary judgment on plaintiff's first FOIA claim.

B. <u>Plaintiff's Second and Third FOIA Requests</u>

The DOJ also contends that it is entitled to summary judgment on plaintiff's second and third FOIA claims because the withholding of documents responsive to those requests was

8

proper under FOIA Exemption 3. MSJ at 8-11. Specifically, the DOJ contends that since 2005, Appropriations Acts have prohibited release of firearm trace records and leave the agency no discretion, and plaintiff's fourth and fifth FOIA requests lie within the Appropriations Acts' temporal reach. *Id.*

In response, plaintiff argues that he is not asking ATF to appropriate funds in order to release the requested information; rather, he requests that the State of California assume all of the costs associated with the request since the state is unable to show any history or supporting documentation of the firearm in issue. Opp'n at 2-3. He further contends that because the Appropriations Act permit ATF to disclose the requested information to a federal, state, or local prosecutor, or to a federal, state, or local law enforcement, the information should be turned over to a federal or state prosecutor and/or to an attorney appointed to represent plaintiff. *Id.* at 3. Plaintiff also requests leave to amend his complaint to request that the information be turned over to the federal or state attorney general and/or to request that the State of California appropriate the necessary funds for plaintiff's FOIA request to be processed. *Id.* at 4. Finally, plaintiff requests that this court stay the case until an order to show cause is issued in plaintiff's habeas case, which is pending before the California Supreme Court. *Id.*

FOIA mandates a policy of broad disclosure of government documents when production is properly requested. 5 U.S.C. § 552(a)(3). The general philosophy of the FOIA is full agency disclosure, unless information is exempted under clearly delineated statutory language. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 260-61 (1976). "FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).

An agency may deny disclosure of its records only if the information falls within one of the nine statutory exemptions to the disclosure requirement under 5 U.S.C. § 552(b). *Multnomah*

*County Medical Soc'y v. Scott*, 825 F.2d 1410, 1413 (9th Cir. 1987). The government has the burden of establishing that one of the exemptions applies. *Id*. Exemptions to FOIA are narrowly construed. *John Doe Agency*, 493 U.S. at 151. To satisfy its burden, the agency cannot rely on "conclusory and generalized allegations of exemptions." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1979) (quoting *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973)). Instead, the agency's proof must be "detailed enough for the district court to make a de novo assessment of the government's claim of exemption." *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1092 (9th Cir. 1997) (quoting *Doyle v. FBI*, 722 F.2d 554, 555-56 (9th Cir. 1983)).

Plaintiff's second and third FOIA requests seek records concerning the trace history of the firearm at issue. The DOJ contends that ATF properly withheld documents responsive to those requests under FOIA Exemption 3, which authorizes withholding of records that are "specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute . . . (A)(I) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3)(A). The DOJ contends that numerous Appropriations Acts qualify as Exemption 3 statutes because they prohibit disclosure of the requested ATF records "in such a manner as to leave no discretion on the issue." MSJ at 8-9 (citing the 2005, 2008, and 2010 Appropriation Acts: Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, 2859-60; Consolidated Appropriations Act of 2008, Pub. L. No. 110-161, 121 Stat. 1904; and Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, 123 Stat. 3128-29); *see also Chicago v. ATF,* 423 F.3d 777, 778 (7th Cir. 2005).

As the DOJ argues, the 2005, 2008, and 2010 Appropriations Acts all provide that federal firearms trace data "shall be immune from legal process and shall not be subject to subpoena or other discovery in any civil action in a State or Federal court," thereby giving ATF "no discretion" to release the information from its firearm trace database that plaintiff requested in

his second and third FOIA requests.[3]  *See* 5 U.S.C. § 552(b)(3)(A);*Chicago*, 423 F. 3d at 780-82 ("Congress' obvious intention in adding the 'immune from legal process' language to the funding restriction that existed under prior riders was to cut off access to the databases for any reason not related to law enforcement.  The public is now doubly restricted from access to these databases: first, the funding restriction prevents the federal agency that collects the data from acting on a request for disclosure; and second, the requesting party has no judicial remedy as the information is immune from legal process and not subject to subpoena or otherwise discoverable in a civil action.").  Also, as the DOJ argues, although plaintiff made his first FOIA request in March 2005, that request is still within the temporal reach of the 2005, 2008, and 2010 Appropriations Acts.  Although the dollar appropriations from the Appropriation Acts at issue have expired, the disclosure prohibitions set forth therein do not expire.  *See, e.g.,* Pub. L. No. 111-117, 123 Stat. 3128-29 (December 16, 2009) (stating in the first line: "That, beginning in Fiscal Year 2010 and thereafter . . ."); *see also* Pub. L. No. 110-161, 121 Stat. 1904 ("That, beginning in Fiscal Year 2008 and thereafter . . . .").  Moreover, because plaintiff seeks an order compelling ATF to turn over the requested information, rather than compensatory damages, this court must apply the law that is currently in effect.  *Chicago,* 423 F.3d at 782-83.

Therefore, although the undersigned is sympathetic to the difficulties plaintiff has encountered in attempting to obtain the requested information, because the DOJ has met its burden of establishing that ATF properly withheld the responses to plaintiff's second and third FOIA requests under FOIA Exemption 3, it is therefore entitled to summary judgment on those
/////

---

[3] The statute also provides that if the statute exempting disclosure was enacted after the enactment of the OPEN FOIA Act of 2009, the statute exempting disclosure must specifically cite to 5 U.S.C. § 552(b)(3).  *See* 5 U.S.C. § 552(b)(3)(B).  Although it does not appear that the 2010 appropriations bill cites to § 552(b)(3), and although it appears to have been enacted in October 2009, because the 2005 and 2008 appropriations bills also apply here, and were enacted prior to the OPEN FOIA Act of 2009, that issue need not be addressed.  *See Caruso v. U.S. Bureau of Alcohol, Tobacco, and Firearms*, 2011 WL 669132, at *3, n.1 (D. Or. Feb. 16, 2011).

claims.[4]  *See Antonelli v. ATF*, 2006 WL 3747312, at *2 (D.D.C. Dec. 18, 2006) ("ATF properly withheld the seven pages of material under exemption 3"); *Muhammad v. U.S. Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 2007 WL 433552, at *2 (S.D. Ala. Feb. 6, 2007) ("According to plaintiff, the information would be instrumental in overturning the conviction of her son, Hashim Muhammad.  Plaintiff details the alleged unfair and fraudulent actions of the prosecution, trial court, and appellate court in her son's criminal case.  However, Mr. Muhammad's criminal case is not before this court at this time and the court will not address the propriety of his conviction. The Consolidated Appropriations Act prohibits disclosure under the circumstances of this case regardless of the reasons the information is requested.").

IV.     Plaintiff's Requests to Amend and/or Stay this Action

Because the Appropriations Acts authorize ATF to provide firearms trace data to law enforcement agencies and prosecutors, plaintiff seeks to amend his complaint to request that the information be turned over to the federal or state attorney general and/or to request that the State of California appropriate the necessary funds for plaintiff's FOIA request to be processed. However, such amendments would be futile.  As the DOJ notes, judicial review of plaintiff's state prosecution is beyond the scope of this FOIA action.  Unfortunately, this court cannot decide whether plaintiff's state prosecutors should request the sought information or how ATF should respond to such a request.  *See* Reply, Dckt. No. 41, at 2.  Rather, this court can only consider the FOIA requests at issue in plaintiff's amended complaint, and as provided above, the DOJ is entitled to summary judgment on those claims that have been fully exhausted. Additionally, although plaintiff requests that the State of California appropriate the necessary funds, the Appropriations Acts do not permit ATF to provide the information to plaintiff regardless of whether the request is funded by the State of California.  Rather, the acts provide

---

[4] However, as the DOJ notes, the consolidated Appropriations Acts bind only the federal government, so a non-federal entity, such as the Torrance Police Department, may be able to respond to plaintiff's request.  Plaintiff may also be able to request the information through discovery in his pending habeas action.

that the data sought "shall be immune from legal process." Therefore, plaintiff's request to amend must be denied.[5] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party). Further, although plaintiff requests that this court stay the case until an order to show cause is issued in plaintiff's habeas case, which is pending before the California Supreme Court, because the DOJ has shown that it is entitled to summary judgment on plaintiff's claims, a stay of this action would not be appropriate.

V.   Plaintiff's Requests for Counsel

Plaintiff has also filed numerous requests for counsel in this case. On April 28, May 5, and July 6, 2011, the undersigned issued orders denying plaintiff's earlier requests for counsel. Dckt. Nos. 24, 30, 39. Plaintiff now seeks reconsideration of the July 6, 2011 order, Dckt. No. 40, and has filed numerous additional requests for counsel, Dckt. Nos. 49, 52, 54, and 55. Plaintiff asks the court to appoint counsel because he has "no knowledge of how to proceed with this civil action, along with the state's attempt to prevent disclosure of this FOIA request." Dckt. No. 40 at 1. He adds that "[t]he requested firearm trace data could likely exonerate an innocent person and should have been turned over to the federal and state attorney general for review and prosecution before this civil rights complaint was filed." *Id.* He contends that he "has been incarcerated for over 15 years, seeking information concerning this specific firearm, which the State of California does not have, and at the same time . . . refuses to request and/or obtain." *Id.* at 2. Plaintiff contends that the state of California twice assigned the public defender's office to investigate the origin and history of this specific firearm, but "[b]oth times, the investigations were closed before any relevant or conclusive information could be obtained." *Id.* He argues that "[t]his information should have been maintained by the state of California Department of

---

[5] The requested amendments would also be prejudicial to the DOJ, given the stage of these proceedings.

13

Justice, Firearm Division, but the fact that the state alleges that they do not have any database records, nor does Torrance Police Department have any booking documentation supports [his] theory that the State of California is purposely avoiding/preventing disclosure." *Id.* Plaintiff contends that to proceed with his claim, he needs the appointment of counsel to ensure disclosure and so that ATF can release the requested information to the federal and state attorneys general. *Id.* Finally, plaintiff argues that his "lack of knowledge has been used against him to prevent disclosure and it is the court's duty to protect the interests of justice." *Id.*

Although the court is sympathetic to the concerns that plaintiff has raised herein, unfortunately, as previously explained to plaintiff, 28 U.S.C. § 1915(e)(1) only authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances.[6] *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Because the DOJ is entitled to dismissal of some of plaintiff's FOIA claims and summary judgment on the remainder, and because the appointment of counsel would not impact that outcome, the court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel. Therefore, plaintiff's motions for appointment of counsel must be denied.

////

---

[6] However, if plaintiff can demonstrate that he should be appointed counsel in connection with his pending habeas action, he shall direct such a request for counsel to the state court in which that action is pending. Plaintiff may also consider attempting to obtain counsel on his own by contacting an organization such as the California Innocence Project, 225 Cedar Street, San Diego, CA 92101.

VI.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The status (pretrial scheduling) conference currently set for hearing on May 30, 2012 is vacated.[7]

2. Plaintiff's requests for appointment of counsel, Dckt. Nos. 40, 49, 52, 54, and 55, are denied.

Further, IT IS RECOMMENDED that:

1. The DOJ's motion to dismiss defendants ATF, Huff, Jones, and Price be granted;

2. The DOJ's motion to dismiss plaintiff's fourth and fifth FOIA claims be granted;

3. The DOJ's motion for summary judgment on plaintiff's first, second, and third FOIA claims be granted;

4. Plaintiff's requests to amend and for a stay of this case be denied; and

5. The Clerk be directed to enter judgment for the DOJ and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] As a result, the parties are not required to submit status reports as provided in the January 27, 2012 minute order.  *See* Dckt. No. 53; *see also* Dckt. No. 12.  However, if the recommendation herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.